IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW DANIELS, | ) | CASE NO. 1:09 CV 2120 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| LORAIN COUNTY SHERIFF, *et al.*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendants. | ) | |

## Introduction

District Judge Ann Aldrich referred this case to me for pretrial supervision, including reports and recommendations for disposition of case-dispositive motions.[1]

In this case, the plaintiff, Andrew Daniels, proceeding *pro se*, asserts various claims relating to an automobile accident that occurred on April 17, 2009. He has joined as defendants Phil Stammitti, the Lorain County Sheriff; Heath Tester, a supervisor in the Sheriff's office; Stanley Qualls, a deputy sheriff; Ernest Horner, the driver of the other car involved in the accident; and Hartford Insurance, Horner's automobile insurance carrier.

Daniels, Hartford, and Horner have filed a notice of dismissal of Hartford and Horner as defendants.[2] The Court has approved that dismissal.[3] Only the Lorain County Sheriff and his subordinates remain as defendants.

---

[1] ECF # 17.

[2] ECF # 22.

[3] ECF # 23.

From a reading of Daniels's *pro se* complaint, it appears that Daniels asserts that this Court has jurisdiction over his claims against the Lorain County defendants based on federal questions arising under 42 U.S.C. § 1983 and 15 U.S.C. § 1681.

The Lorain County defendants have moved for summary judgment[4] and have filed an amendment to that motion.[5] For the reasons fully discussed below, I recommend granting the Lorain County defendants summary judgment with respect to the claims asserted under 42 U.S.C. § 1983 and 15 U.S.C. § 1681. To the extent that any of Daniels's claims may be construed as state law claims, I recommend the declining of supplemental jurisdiction over them.

## Undisputed Facts

This case arises out of a motor vehicle accident that took place in Sheffield Township, Lorain County, on April 17, 2009.

Defendant Qualls responded to the report of the accident, investigated the accident, and issued Daniels a ticket for violation of Ohio Revised Code § 4511.39 – failure to use the lefthand turn signal. An accident report was prepared.

The traffic citation against Daniels proceeded to prosecution before the Lorain Municipal Court. The municipal prosecutor dismissed the charges against Daniels. Daniels

---

[4] ECF # 5.

[5] ECF # 20.

acknowledged, however, as part of the dismissal that probable cause existed for the issuance of the ticket.[6]

### Pending Claims

Following the dismissal of defendants Horner and Hartford, Lorain County Deputy Sheriff Stanley Qualls, Lorain County Sheriff Supervisor Heath Tester, and Lorain County Sheriff Phil Stammitti remain as defendants.

Daniels alleges that Qualls issued the traffic ticket without probable cause, issued the traffic ticket in violation of state law, and failed to turn over a copy of the accident report as required by state law. With respect to Tester, Daniels alleges that Tester participated in the issuance of the traffic ticket without probable cause and in violation of state law and failed to provide a copy of the accident report as required by state law. Daniels asserts claims against Stammitti as the supervisor of Qualls and Tester and for failure to act upon Daniels's complaint of a bogus traffic ticket.

### Analysis

**1.      Claims under 28 U.S.C. § 1983**

To prevail on a claim of wrongful arrest under § 1983, a plaintiff must prove that the arresting officer lacked probable cause.[7] An admission that the arresting officer had probable

---

[6] ECF # 5-5, at 6, Ex. C to Motion for Summary Judgment - Criminal case file and docket sheet in the matter of *State of Ohio v. Andrew Daniels*, Lorain Municipal Court, Case No. TRD0902153, at 6.

[7] *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009).

cause for the arrest defeats a § 1983 wrongful arrest claim.[8] Here, as part of the dismissal of the traffic ticket in question, Daniels admitted that probable cause existed for the issuance of the ticket. Because of that admission, his § 1983 wrongful arrest claim fails.

A § 1983 claim cannot be premised upon a violation of state law.[9] Daniels's remaining § 1983 claims rest upon violations of state laws regarding the issuance of the traffic ticket and the production of a copy of the accident report. Even if such state law violations occurred, those violations will not support a § 1983 claim.

**2.     Claims under 15 U.S.C. § 1681**

Daniels alleges in his complaint that the accident report contained information in violation of 15 U.S.C. § 1681.[10] In the attachment to the complaint, on the bottom of one page of the accident report, there is a notation that the document violates 15 U.S.C. § 1681 because it contains information concerning a lease that expired in 2000.[11]

15 U.S.C. § 1681 deals with credit reporting. In reviewing the document identified by Daniels as the accident report,[12] I have found no reference to an auto lease. Even if such a reference exists that I have not found, Daniels has failed to allege how the mere reference

---

[8] *Wertz v. West Milgrove*, No. 3:08cv604, 2009 WL 1183155, at *6 (N.D. Ohio Apr. 30, 2009).

[9] *Radvansky v. Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005); *McVicker v. Hartfield*, No. 2:08cv1110, 2009 WL 2431257, at *10 (S.D. Ohio Aug. 6, 2009).

[10] ECF # 1 at 6.

[11] ECF # 1-2 at 7.

[12] ECF # 1-2.

-4-

to that lease in the accident report violates the statute or has injured him. The complaint, therefore, fails to state a claim under 15 U.S.C. § 1681 upon which relief may be granted.[13]

### 3. Supplemental jurisdiction under 28 U.S.C. § 1357

Giving Daniels, a *pro se* plaintiff, the benefit of the doubt, his claims for violation of state statutes might be construed as freestanding, state-law claims. As such, however, they would come within the supplemental jurisdiction of the court, which is discretionary.[14]

When the court properly dismisses the federal claims in the case before trial, it will customarily dismiss the state-law claims as well, without prejudice to their refiling in state court.[15]

In this case, as discussed above, Daniels's federal claims under 28 U.S.C. § 1983 and 15 U.S.C. § 1681 should be dismissed. With such dismissal, the Court should not exercise supplemental jurisdiction over any remaining state law claims.

## Conclusion

For the foregoing reasons, I recommend that the amended motion of the Lorain County defendants for summary judgment be granted as to the federal claims asserted under 28 U.S.C. § 1983 and 15 U.S.C. § 1681 and that the Court decline to exercise supplemental

---

[13] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

[14] 28 U.S.C. § 1367.

[15] *Sharp v. Worthington Board of Educ.*, No. 08-4635, 2009 WL 3255272, at *2 (6th Cir. Oct. 13, 2009); *Lee v. University Hosps. Health Sys.*, No. 1:07cv3555, 2009 WL 3294858, at *1 (N.D. Ohio Oct. 13, 2009); *Fowler v. Canton*, No. 5:08cv2350, 2009 WL 2950818, at *6 (N.D. Ohio Sept. 10, 2009).

jurisdiction over any remaining state law claims, without prejudice to refiling of those claims in state court.

Dated:  January 15, 2010            s/ William H. Baughman, Jr.
                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[16]

---

[16] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).